FILED

2016 MAY 18 PM 1:54

MIDDLE [...]
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WTF TECHNOLOGY PARTNERS, INC and
WESLEY WINARSKI

　　　　　　　　　Plaintiffs,

vs.

VERICORE LLC dba VERICORE

　　　　　　　　　Defendant.

Case No.:
6:16-cv-840-ORL-31DAB

JURY DEMAND

# COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiffs, WTF TECHNOLOGY PARTNER, INC. and WESLEY WINARSKI allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), against Defendant, VERICORE, LLC dba VERICORE.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 47 U.S.C. § 227, and 15 U.S.C. § 1692, as this is a civil action arising under the laws of the United States. Count III is a state law claim that forms part of the same case or controversy as the claims with original jurisdiction and, therefore, the Court may exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over the Defendant because the telephone calls and written correspondence forming the basis of this action were placed by the Defendant into the District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiffs reside in and/or do business here and received telephone calls and letters from Defendant within this District.

## PARTIES

5. Plaintiff, WESLEY WINARSKI, is a natural person and a citizen of the State of Florida, residing in Pinellas County, Florida. Said Plaintiff is the telephone subscriber and has dominion over one of the telephone lines that Defendant was calling.

6. Plaintiff WTF TECHNOLOGY PARTNERS, INC is a corporation domiciled in Florida and doing business throughout the State of Florida. Said Plaintiff is the telephone subscriber and has dominion over one of the telephone lines that Defendant was calling.

6. Defendant, VERICORE LLC ("VERICORE"), acts as a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection, and operates from offices located at 10115 Kincey Ave., Ste. 130, Huntersville, North Carolina.

8. Defendant, VERICORE, regularly collects or attempts to collect consumer debts.

9. Defendant, VERICORE, acts as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Based on the phone records from Plaintiff's phone providers, Plaintiff has suffered actual damages from the barrage of relentless debt collection calls, emails, and letters in

excess of ten (10) times, after Plaintiffs disputed the debt being collected and requested Defendant to cease on every call thereafter.

12. Defendant claimed that the Plaintiffs owed a debt to THE DRI Co. pursuant to an agreement for technology development, entitling Defendant on behalf of THE DRI to payment and to pursue the Plaintiffs for the alleged remaining balance. Such calls were made to Plaintiff WTF and to Plaintiff Wesley Winarski's home and cell phones.

13. Defendant's, Vericore's method of contacting Plaintiffs is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

14. In sum, the Defendant, through its agents, made telephone calls to Plaintiffs' telephones, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice, after Plaintiff Winarski disputed the debt being collected and requested Defendant to cease on the first call and every call thereafter.

15. Plaintiff Wesley Winarskil asked Defendant for clarification since the debit in question had been paid, and furnished the check documenting payment.

16. Defendant still continued to call and harass Plaintiff Wesley Winarski calling him a liar and demanding that he pay immediately regardless of any evidence Plaintiffs provided that the debt had already paid and that Plaintiffs could not validate Vericore's authority to collect..

17 Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a telephone, and

further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

18. Defendant further delivered threatening and false letters and email correspondence to Plaintiffs, threatening Plaintiffs with various "legal" actions, but failed and refused, despite repeated requests, by Plaintiffs, to ever inform Plaintiffs of the rationale or documentation for the claimed debt.

19. Vericore did sent letters to previous landlords and business relationships as well as to governmental agencies in Tallahassee to "investigate the "solvency" of WTF Technology Partners Inc even after Plaintiff Wesley Winarski told Vericore's agents that one of the office spaces was no longer in use (for over 2 years), as WTF Technology Partners Inc. had moved from that location after the location purposes were completed and no longer needed that space for research and development.

18. Vericore's actions further caused question of character with Plaintiffs business contacts, potential investors and relationships who operated other business and the landlord/owners at Plaintiffs' previous office address because the persons there were receiving communications questioning Plaintiff Wesley Winarski's character and integrity to pay bills, debts and obligations.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiffs incorporate paragraphs 1 through 16 herein.

18. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice and not

legally permissible under any provision to the aforementioned statute, after Plaintiff Winarski disputed that any debt was owing to THE DRI and requested Defendant to cease making phone calls.

19.    Defendant is also vicariously liable for any unlawful actions of an agent in its efforts to collect debts on its behalf. *See* In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008) ("Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.").

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant, VERICORE, for:

a.  $500 dollars in statutory damages for each violation of the TCPA over fifteen months.

b.  $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last fifteen months.

c.  a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiffs' telephones using either an automatic telephone dialing system or an artificial or prerecorded voice;

e.  litigation expenses and costs of the instant suit; and

f.  such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20.    Plaintiffs incorporate paragraphs 1 through 16 herein.

21. Defendant, VERICORE, violated 15 U.S.C. § 1692 [(Section)] of the Fair Debt Collection Practices Act by making telephone calls to Plaintiffs' telephones, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute, after Plaintiff requested Defendant to cease on the first call and every call thereafter.

22. Defendant, VERICORE, is also vicariously liable for any unlawful actions of an agent in its efforts to collect debts on its behalf. *See* In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008) ("Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.").

WHEREFORE, Plaintiffs WTF TECHNOLOGY PARTERS, INC and WESLEY WINARSKI, request that the Court enter judgment in favor of Plaintiff and against Defendant, VERICORE, for:

    a. actual damages;

    b. statutory damages of $1,000.00;

    c. attorney's fees, litigation expenses, and costs of the instant suit, and;

    d. such other or further relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23. Plaintiff incorporates paragraphs 1 through 16 herein.

24. Defendant, through letters and email correspondence, threatened Plaintiffs that if payment was not immediately made, Defendant would contact Plaintiffs' landlord(s), banking and financial institutions, governmental and business agencies, and perform various "asset and

liability investigations" in an effort to harass and intimidate Plaintiffs through intrusive and deceptive practices.

25. Pursuant to Florida law, Defendant violated the FCCPA, Fla. Stat. § 559.72(9), which states that it is a violation to "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

26 Any debt alleged to be owed by Plaintiffs to Defendant, Vericore, was not identified or authenticated under Florida statutes as Plaintiff's debt, and consequently, Defendant asserted the existence of a legal right when it knew that such right did not exist.

27. Defendant, Vericore, is also vicariously liable for any unlawful actions of an agent in its efforts to collect debts on its behalf.

WHEREFORE, Plaintiffs, WTF TECHNOLOGY PARTERS, INC and WESLEY WINARSKI requests that the Court enter judgment in favor of Plaintiff and against Defendant VERICORE, for:

a. actual damages;

b. statutory damages of $1,000.00;

c. attorney's fees, litigation expenses, and costs of the instant suit, and;

d. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demands trial by jury.

Dated this 14th day of April, 2016   .        THE INFURNA LAW FIRM, P.A.
                                                                                                      Attorney for Plaintiffs
                                                                                                      121 South Orange Ave., Ste. 1500
                                                                                                      Orlando, Florida 32801
                                                                                                      Phone/Fax: 1-800-774-1560
                                                                                                      justinInfurna@alwaysavailablelawyer.com

                                                                             By: /s/ Justin R. Infurna, Esq.
                                                                                   JUSTIN R. INFURNA, ESQ., LL.M.
                                                                                   Florida Bar No. 84284